The judgment of the court of common pleas is reversed.

*Judgment reversed.*

KINDER and CROW, JJ., concur.

Judges of the Third Appellate District, sitting in place of Judges CHITTENDEN, KINKADE and RICHARDS of the Sixth Appellate District.

----

BUCILLI ET AL. *v.* HOFFMAN ET AL.

*Justices of peace — Forcible entry and detainer — Jurisdiction confined to township, when.*

1. In actions of forcible entry and detainer the jurisdiction of the justice of the peace is coextensive with the county, but such jurisdiction must be exercised in the township in which he is elected.

2. Where a justice of the peace issues summons in a case of forcible entry and detainer, returnable in a township of the county other than the one in which he is elected, and hears the case and renders judgment in such other township, the judgment is void.

(Decided March 15, 1918.)

ERROR: Court of Appeals for Mahoning county.

*Mr. J. M. Moderrelli,* for plaintiff in error.
*Mr. David Steiner,* for defendant in error.

METCALFE, J.   The plaintiffs in error seek to obtain an injunction against the defendants in error

to prevent the enforcement of a judgment of eviction in a case of forcible entry and detainer, claiming that the judgment is void for want of jurisdiction in the justice of the peace to render the same.

The plaintiffs in error are the lessees of the property in question, which is situated in the township and city of Youngstown. Hoffman is the lessor. The action of forcible entry and detainer was brought by Hoffman in the court of the defendant Brown, a justice of the peace. Brown was elected to such office of justice of the peace in the township of Boardman, Mahoning county, but maintained an office in the city of Youngstown.

The summons in that case was issued by the justice returnable at his office in the city of Youngstown, and the case was tried and judgment rendered therein in the city of Youngstown, and not within the limits of the township of Boardman.

The only question we have here is: Did the justice of the peace, in an action in forcible entry and detainer, have the right to hold court and render judgment in a township other than the one in which he was elected? In *Steele* v. *Karb, Sheriff,* 78 Ohio St., 376, it is held that in criminal cases the jurisdiction of the justice is coextensive with the county containing the township in which he was elected, and that he may hold such court anywhere within the county. His power is granted under Section 13422, General Code, which provides that he shall be a conservator of the peace, and that he may upon view or information cause the arrest of a person and issue a warrant commanding him to be brought

before himself or before some other justice of the peace within the county.

We do not think, however, that such is the rule in any civil action. By Section 10223 it is provided:

"Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they were elected, and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected."

This provision is perfectly clear and prohibits in all civil cases a justice from holding court outside of the limits of the township for which he was elected, unless otherwise directed by law.

It is claimed here that he is otherwise directed by Section 10224, General Code, paragraph 5, which confers upon the justices of the peace jurisdiction to try forcible entry and detainer cases throughout the county, that is to say, his jurisdiction to try that class of cases is coextensive with the county; but that does not confer upon him authority to go outside of his township, issue summons outside, returnable outside, and hold court and render judgment outside, in view of the explicit provisions of Section 10223 that no justice shall hold court outside of the township in which he is elected.

We think that such action is entirely unwarranted, and that the defendant Brown could not exercise the jurisdiction of a justice of the peace outside of the township in which he was elected;

but plainly has the right to bring the defendant in such case into the township where he was elected.

*Judgment for plaintiffs.*

POLLOCK and FARR, JJ., concur.